THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHELLE LOPEZ, NANCY ACOSTA   :
YANAIRA MARMOL PENA,            : CIVIL ACTION NO. 3:19-CV-785
YOCASTA BELLO, and               : (JUDGE MARIANI)
YSMIT MERCADO,                  :
                          :
      Plaintiffs,              :
                          :
      v.                    :
                          :
MOUNTAIN VIEW CARE AND       :
REHABILITATION CENTER, LLC,     :
                          :
      Defendant.            :

FILED
SCRANTON

JUN 1 6 2022

PER _____
DEPUTY CLERK

## MEMORANDUM OPINION
### I. INTRODUCTION

Presently before the Court is Plaintiffs' Motion in Limine to Preclude Evidence. (Doc. 50.) With the Motion, Plaintiffs request that the Court preclude Defendant from introducing the document Bates Stamped MV 000604-000612 and from offering testimony at the time of trial regarding the document. (Doc. 50-2.) In the Complaint, Plaintiffs Michelle Lopez, Nancy Acosta, Yanaira Marmol Pena, Yocasta Bello, and Ysmit Mercado allege that their employer, Defendant Mountain View Care and Rehabilitation Center, LLC, ("Defendant" "Mountain View") violated Title VII and the PHRA when it implemented a "blanket 'no Spanish' policy whereby employees could not speak Spanish anywhere on Defendant's premises at any time." (Doc. 1 ¶ 20; Doc. 40 ¶¶ 1, 2; Doc. 42 ¶¶ 1, 2.) Plaintiffs specifically aver that the policy has a disparate impact on Plaintiffs, Defendant's only non-English

speaking employees, and the policy creates a hostile work environment for them. (*Id.* ¶¶ 40, 41.) They further aver that Defendant's policy has no business necessity. (*Id.* ¶ 42.) The policy is also referred to as the "English-only" policy. (*See, e.g.*, Doc. 50 ¶ 2.)

The evidence Plaintiffs now seek to preclude relates to Defendant's assertion that, following the initial training on the English-only policy, it held subsequent trainings that corrected misunderstanding about the policy. (*See* Doc. 50 ¶¶ 5-7.) For the reasons that follow, the Court will deny Plaintiffs' Motion without prejudice.

## II. BACKGROUND

Defendant is a long-term skilled nursing care facility located in Scranton, Pennsylvania. (Doc. 1 ¶ 7; Doc. 40 ¶ 4; Doc. 42 ¶ 4.) Plaintiffs are or were employed by Defendant as certified nursing assistants ("CNA's") at Defendant's facility. (*Id.* ¶ 16.) They are all American citizens of Hispanic national origin who are bilingual in Spanish and English. (*Id.* ¶ 17; Doc. 40 ¶¶ 12, 13; Doc. 42 ¶¶ 12, 13.)

Plaintiffs specifically allege that that they each attended a training session between July 16 and July 20, 2018, conducted by Defendant and the training included a new policy introduced with a power point presentation. (Doc. 1 ¶ 18.) Plaintiffs Acosta and Mercado attended a training session on July 17, 2018, Plaintiffs Lopez and Pena attended the training on July 18, 2018, and Plaintiff Bello attended the training of the afternoon of July 19, 2018. (*Id.* ¶¶ 22, 25, 33.) While Defendant contends that the slides presented at the July 17th and July 18th presentations referred to speaking Spanish in front of residents, Plaintiffs

2

respond that Maria Fitzgerald, Defendant's Director of Education, explained that they could not speak Spanish in other areas of the facility or even on the outside grounds of the facility. (Doc. 40 ¶ 22; Doc. 42 ¶ 22.)   The policy has been referred to as both a "no Spanish" policy and a "no language other than English" or "English only" policy.  (*See, e.g.,* Doc. 1 ¶¶ 22, 25, 31, 34, 37.)

Defendant denies that the policy was a "new policy," but Plaintiffs respond that employees had not previously been instructed that they could not speak Spanish in the facility's employee-only areas such as the break room, lunch room, smoking area and parking lot.  (Docs. 40 ¶ 7; Doc. 42 ¶ 7.)  Plaintiffs add that Fitzgerald testified at her deposition that there were no policies about employees speaking Spanish or English at Mountain View before 2018.  (Doc. 42 ¶ 7 (citing Fitzgerald Dep. at 26-27).)

Plaintiffs Lopez and Acosta went to see Defendant's administrator, Michael Hetzel, on the morning of July 19, 2018, expressing that they felt uncomfortable and offended by the policy because it singled them out due to their Hispanic origin.  (Doc. 1 § 29; Doc. 40 ¶ 26; Doc. 42 ¶ 26.)  Plaintiff Lopez described the meeting between Hetzel, Plaintiff Acosta, and herself as follows:

> Nancy [Acosta] asked me to go with her to see Mr. Hetzel and speak to him about the situation because we felt targeted that it was – that the slide only said "Spanish."
>
> And we went to his office. . . . Nancy, she told him her concerns and stuff. And I didn't speak much till we got to the part where he was telling Nancy about . . . his grandfather that if we would have met him, you know, he would

have told us about himself because this is America and, you know, we should
be speaking English.

      And I told Mr. Hetzel, My husband does not speak or understand too
much English, so if he calls me and Maria just said we're not supposed to even
speak Spanish in the break room, what am I supposed to do?

      Mr. Hetzel said, Well -- this was his words and I won't forget it -- If I was
eating a sandwich and, you know, I don't speak Spanish and you're speaking
Spanish next to me, I can't even eat my sandwich in peace because I don't
know if you're speaking about, you know, about me in Spanish. It's offensive to
the other coworkers. So he said we shouldn't be speaking Spanish in the break
room.

      And I said, So what am I supposed to do, go to the parking lot? And
that's when he also specifically told me, There's family members that walk
through that parking lot. Sometimes they take their family -- you know, the
residents outside to sit out in the parking lot. They can't -- you know, you're not
supposed to even speak Spanish around them because they're in the parking
lot, so you will have to leave the premises to speak to your husband.

(Doc. 40 ¶ 27 (citing Def.'s Ex. 5, Lopez Dep. 21:2-22:10); Doc. 42 ¶ 27.)  Hetzel denies this

and other characterizations of his conversation but assumes for summary judgment

purposes that the facts asserted are true.  (Doc. 40 ¶ 72.)

      Although Defendants contend that further training occurred after July 19, 2018, (Doc.

40 ¶ 22), Plaintiffs respond that "at no time after July 2018 were the employees advised that

the policy was not as communicated by Fitzgerald and Hetzel, nor were they given further

training regarding languages that could be spoken at the facility (Doc. 42 ¶ 28).

      Each of the Plaintiffs asserts feeling offended, singled out, and discriminated against

by the policy.  (Doc. 1 ¶¶ 23, 26, 35; Doc. 40 ¶ 14.)  Plaintiffs add that they were, in fact,

offended and provide citations to deposition testimony of record in support of the assertion.

(Doc. 42 ¶ 14 (citations omitted).)  Several Plaintiffs also allege that they have been subjected to comments by other employees and supervisors: Lopez experienced comments on three occasions (Doc. 40 ¶¶ 30-35, 37-38, 40); Marmol Pena described two incidents (*id.* ¶¶ 49-50); Mercado related one incident (*id.* ¶¶ 58-61); Acosta experienced comments on three occasions (*id.* ¶¶ 74-78); and Bello recollected a single comment (*id.* ¶¶ 85-86).  In many instances, Plaintiffs disagree with Defendant's characterization of the comments made to Plaintiffs.  (Doc. 42 ¶¶ 30-35. 37-38. 40, 49-50, 58-61, 74-78.)

### III. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017).  A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.  "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).  The Supreme Court has long recognized that "[a] reviewing court is handicapped in an effort to rule on subtle evidentiary questions outside a factual context." *Luce v. United States*, 469 U.S. 38,

41 (1984).  Thus, a district court's ruling on a motion in limine "is subject to change when the case unfolds." *Id.*  While this is particularly so if the actual testimony at trial differs from what was anticipated in a party's motion in limine, but "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id.* at 41-42.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012).  Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).  Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).  Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## IV. ANALYSIS

As set out above, Plaintiffs now seek to preclude evidence which relates to Defendant's assertion that, following the initial training on the English-only policy, it held subsequent trainings that corrected misunderstanding about the policy. (Doc. 50 ¶¶ 5-7.) Plaintiffs assert that

> [a]t no time did Defendant rescind or repudiate its policy nor did not dispute the policy until Plaintiffs filed their EEOC complaint. In fact, at no time after July 2018 were the employees advised that the policy was not as communicated by Fitzgerald and Hetzel, nor were they give further training regarding languages that could be spoken. Moreover, no party testified to or authenticated the document marked MV 000604-000612. A review of the document itself does not demonstrate who created the document, when it was created, or what it purports to convey.

(Doc. 51 at 3-4.) Plaintiffs seek preclusion on two grounds: the document has not been authenticated as required by Federal Rule of Evidence 901 and its risk of prejudice substantially outweighs its probative value pursuant to Federal Rule of Evidence 403. (*Id.* at 5.)

In Defendant's Response to Plaintiffs' Motion in Limine, Defendant asserts that it plans to present evidence at trial to authenticate the document in question. (Doc. 50 ¶ 10.) Defendant also maintains that the evidence should not be excluded based on the risk of prejudice. (*Id.* ¶ 13.)

The Court concludes that Plaintiffs' Motion is properly denied because the evidence they seek to preclude is not "clearly inadmissible on all potential grounds," *Tartaglione*, 228 F. Supp. 3d at 406. This is a case where "the context of trial [will] provide clarity," *Frintner*,

892 F. Supp. at 707, as to authentication and Rule 403 considerations. Plaintiffs may object to Defendant's attempt to authenticate the document at issue. If the document is properly authenticated, Plaintiffs may raise the question of whether the document should be excluded pursuant to Rule 403. As set out above, "*pretrial* Rule 403 exclusions should rarely be granted [because] a court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 859.

## V. CONCLUSION

For the forgoing reasons, Plaintiffs' Motion in Limine to Preclude Evidence (Doc. 50) will be denied without prejudice. A separate Order will enter.

Robert D. Mariani
United States District Judge